```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division

                              )
UNITED STATES OF AMERICA      )
                              )
                              )
        v.                    )      1:06cr21 (JCC)
                              )
CORDELL L. POPE,              )
                              )
        Defendant.            )
```

## **M E M O R A N D U M   O P I N I O N**

Defendant is charged in a two-count indictment with: 1) possessing a firearm as a felon in violation of 18 U.S.C. § 922(g) and § 924(e), and 2) possession of crack cocaine in violation of 21 U.S.C. § 844. A jury trial is scheduled for April 4, 2006. Defendant has filed a Motion to Suppress Evidence. For the reasons stated below, the Court will deny the Motion to Suppress.

### **I. Background**

On March 19, 2005, a 911 dispatcher received a call from a location in Alexandria. When the caller hung up, the dispatcher called the location and talked with a woman. The woman mentioned her boyfriend was trying to take her son away. She also mentioned that he was in possession of drugs and a gun, and although she did not know where the gun was at the time, she saw him put something in the backseat of the car. As a result of the comments regarding the gun, more than one officer arrived on

the scene together.  Three officers responded to the call concerning a possible domestic dispute.  When the officers arrived at the scene, they noticed Cordell Pope standing beside a vehicle.  The vehicle was a two-door hatchback, and the driver's side door was open.  There was an infant and a teenage girl in the vehicle.

Stephanie Anderson was inside the house at the time the officers arrived.  Sergeant Huminik went inside to speak with her.  She explained that Pope used and sold drugs and that he had cocaine in his pants at the time.  She said that he carries a gun with him at times, and she thinks he put it in the backseat of the car.  She also showed Huminik an array of items which can be related to drug use and sales, including plastic sandwich bags, baking soda, and a digital scale.  Huminik also observed a razor blade with a white powdery substance on it, cigars being prepared into "blunt" marijuana cigars, large scissors, and an empty "dime" bag for marijuana.

Huminik returned outside and asked Pope for consent to search his person.  Pope did not give consent.  Huminik then instructed Pope to place his hands on the roof of the car. Huminik removed a rock of suspected crack cocaine from one of Pope's pockets without patting him down.  Huminik then proceeded to effect Pope's arrest.  When Pope resisted arrest and wrestled three officers to the ground, Huminik sprayed pepper spray on his

face.  Officer Murphy subsequently searched the vehicle and found a .380 caliber handgun wrapped in a white t-shirt in the trunk.

Defendant filed a Motion to Suppress on February 27, 2006.  He seeks to suppress all the evidence stemming from the search of his person and the 1991 Mazda on March 19, 2005.  For purposes of this Motion, "the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence."  *United States v. Matlock*, 415 U.S. 164, 178 (1974).  This Motion is currently before the Court.

## II. Analysis

### A. Warrantless Search of Mr. Pope

Supreme Court precedent is clear that a "warrantless arrest of an individual in a public place for a felony . . . is consistent with the Fourth Amendment if the arrest is supported by probable cause."  *Maryland v. Pringle*, 540 U.S. 366, 370 (2003).  The Government argues that probable cause existed to arrest Pope and the search incident to arrest was valid.  The Defendant claims that the search of Pope's pocket was not valid because it exceeded the scope of the "carefully limited search" authorized by *Terry v. Ohio*, 392 U.S. 1 (1968) and there was no probable cause to arrest Pope.  Because there was probable cause to arrest Pope, *Terry* analysis is inapplicable and the search incident to arrest was valid.

Determining whether probable cause existed in a given situation requires analysis of the totality of the circumstances and consideration of the expertise and experience of law enforcement officers at the scene. *See United States v. Dicky-Bey*, 393 F.3d 449, 453 (4th Cir. 2004). The Court finds the open court testimony of Sergeant Huminik generally credible despite the fact that he was impeached in regard to the one instance of inconsistency between his testimony and his own report as well as his testimony regarding a white powdery substance on the razorblade found on the scene. Sergeant Huminik has been employed as a police officer for twenty years and as a sergeant for four of those years. Huminik testified to having substantial experience dealing with witnesses of crimes and domestic dispute situations. He has also attended specific narcotics training, including drug interdiction and patrol drug enforcement schools.

The circumstances that Huminik relied upon to find probable cause at the scene included the information relayed by Anderson during the 911 call, direct conversations with Anderson at the scene, observations of the children in the vehicle at the time of the officers' arrival, and observations of evidence of drug related activities. While victim or witness statements are not always deemed credible for establishing probable cause, corroboration of the information provided in the statements certainly bolsters their reliability. *See United States v.*

*Lalor*, 996 F.2d 1578 (4th Cir. 1993).  Here, Huminik had the opportunity to observe the children in the car as described on the 911 call, to judge Anderson's veracity in person during their conversation, and to observe various drug-related paraphernalia.  This information corroborated the 911 information and Anderson's statements, and therefore Huminik was reasonable in searching Pope's person as a search incident to arrest.  The Court does not find that probable cause was established on simply one witness's accusations.

Furthermore, the fact that Huminik effected Pope's arrest following the search of Pope's person and following the seizure of the cocaine rock found in his pants pocket does not alter this conclusion.  The Fourth Circuit has announced that "where the formal arrest quickly follows the challenged search, it is not important that the search preceded the arrest." *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980)).  The court was clear to highlight, however, that the fruits of the search cannot be used to justify the arrest.  *Id.* at 698 n2.  Here, the arrest was immediately following the search and since the officers had probable cause to arrest Pope prior to the search, the time line of the events are of no consequence to this Motion.

   **B. Warrantless Search of Pope's Car**

The Fourth Amendment permits a vehicle to be searched without a warrant pursuant to the automobile exception.  The automobile exception instructs that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)).  The scope of the search is based on the object that prompts the search.  Thus, "if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *California v. Acevedo*, 500 U.S. 565, 571 (1991) (quoting *United States v. Ross*, 456 U.S. 798, 825 (1982)).  *See also United States v. Patterson*, 65 F.3d 68 (7th Cir. 1995).

Probable cause existed to search the vehicle for additional contraband and evidence of Pope's crimes based on Anderson's statements, the paraphernalia shown inside the residence, the cocaine found in Pope's pocket, and Pope's violent nature exhibited upon arrest.  Such evidence could have been located in any part of the car, and therefore the trunk specifically was not off limits to a thorough search.  Furthermore, with the presence of two children on the scene, it was not unreasonable for the officers to check for weapons.

This determination is consistent with the Tenth Circuit's ruling in *United States v. Nielsen*, 9 F.3d 1487 (10th Cir. 1993), on which the Defendant relies.  In this fact specific case, the court ruled that an officer cannot search a trunk of a vehicle based on a smell of burnt marijuana because the defendant could not have been smoking marijuana in his trunk.  In the present case, however, probable cause to search the vehicle was based on a totality of evidence that suggested the evidence could have been located in any area of the vehicle, including the trunk.  Therefore, the search was valid under the Fourth Amendment's automobile exception.

### III. Conclusion

For the above stated reasons, the Court will deny Defendant's Motion to Suppress.


March_28__, 2006                     _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE